STATE OF MAINE

KNOX, ss.

STATE OF MAINE
Knox. S.S., Clerks Office
SUPERIOR COURT

JUL 29 2002

RECEIVED AND FILED
Susan Guillette, Clerk

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-012

COLLEEN HUPPER,

Petitioner

v.

MAINE DEPARTMENT OF
HUMAN SERVICES, KEVIN
W. CONCANNON,

Commissioner

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

JUL 30 2002

## I.    Introduction.

This matter is before the court on the amended petition of Colleen Hupper (Hupper) for judicial review of the decision of the Commissioner of the Department of Human Services (Commissioner), which affirmed the department's denial of Hupper's application to operate a home day care. Hupper also asks this court to stay the departmental action pending this appeal.

For the reasons stated herein, the petition and the request for a stay are to be denied.

## II.    Procedural History.

On April 10, 2000, the petitioner applied for a renewal of a certification to operate a home day care. On December 5, 2000, Robert Steinberg, a DHS child care licensing supervisor, notified Hupper that her application for a certificate to operate a home day care was denied. The notice cited 16 violations as the basis for this administrative action.

In response, Hupper requested a fair hearing which was conducted by a hearing officer (H.O.) on two dates, March 29, 2001, and April 25, 2001. As a result of the

hearing, the H.O., on June 5, 2001, recommended that the Commissioner reverse the department's action which had denied the home day care application because it was incorrect in doing so, and found that the department should have issued Hupper a conditional certification for her home day care. The H.O. also recommended that the Commissioner remand the case back to the department with instructions to determine the appropriate conditions to be attached to Hupper's certification.

On July 5, 2001, the department, through an assistant attorney general, filed an "exception" to the H.O.'s recommendation to the Commissioner.

On August 1, 2001, the Commissioner issued his final decision in which he adopted all but one of the H.O.'s factual findings, but declined to adopt his recommendations as to the final agency action to be taken. He did so because, even though some of Hupper's violations may have been minor or corrected before her application had been denied, he agreed with the conclusion that Hupper "was not in compliance with all the rules at the time she applied for certification (4/00) or at the time of the 8/22/00 inspection visit." R.E.

In his Final Decision, the Commissioner went on to find as follows:

> Under this set of facts, it is entirely in the Department's discretion as to whether it issues a Conditional Certificate. Here, due to multiple and serious violations that threatened the health and safety of children in Ms. Hupper's care, and the inability, unwillingness, or delay of Ms. Hupper in correcting and/or acknowledging them, I find that the totality of the circumstances warrants the denial of Ms. Hupper's application to renew her certificate to operate a day care home.

On August 29, 2001, Hupper, through counsel, asked the Commissioner for a stay of the denial of her application for certification to operate a home day care. On August 31, she filed a petition for judicial review of the Commissioner's action and a request that this court stay the denial of her recertification to operate a home day care.

2

On September 5, 2001, the Commissioner denied the administrative stay. On September 6, 2001, Hupper filed the pending amended petition for judicial review and request for a stay.

## III. Discussion.

"An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Bd. of Exam'r of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551, 555 (citing *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261). When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, the court is to review the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). In reviewing the decisions of an administrative agency, the court should "not attempt to second-guess the agency on matters falling within its realm of expertise . . .," but instead should limit the review "to determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The issue on appeal is not whether this court would reach the same conclusion as the agency, "but whether the record contains competent and substantial evidence that supports the result reached." *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d at 1261 (quoting *In re Maine Clean Fuels, Inc.*, 310 A.2d 736, 741 (Me. 1973)). "The 'substantial evidence' standard for reviewing an agency's findings of fact is identical to the 'clear error' standard used to review the factual findings of a trial court." *H.E. Sargent, Inc. v. Town of Wells*, 676 A.2d 920, 923 (Me. 1996) (citing *Gulick v. Bd. of Environ. Protection*, 452 A.2d 1202, 1207-08 (Me. 1982)). Thus, factual determinations must be sustained unless clearly

3

erroneous, *Imagineering*, 593 A.2d at 1053, and "[a] party seeking review of an agency's findings must prove they are unsupported by *any* competent evidence." *Maine Bankers Ass'n v. Bureau of Banking*, 684 A.2d 1304, 1306 (Me. 1996). (Emphasis supplied).

From this brief reiteration of administrative law, it is plain that a petitioner, such as Hupper, has a difficult burden of persuasion to overturn an agency's decision. In undertaking this task, Hupper makes two essential points. The first is that the Commissioner made a clearly erroneous finding of fact when he did not adopt the H.O.'s finding as to alleged violation #2 which concerned Hupper's reporting of her role in child abuse investigations. Her second, related argument is that the Commissioner's decision is not supported by substantial evidence in the record, that any violations of DHS rules by the petitioner were neither numerous nor serious, and that, in the end, the Commissioner's decision was arbitrary, capricious, an abuse of discretion, and erroneous in law.

As to the petitioner's first argument, she says that the Commissioner clearly erred in not adopting the H.O.'s finding concerning her failure to disclose her role in a 1993 child protective investigation. The petitioner characterizes this error as a finding by the Commissioner that she violated DHS Rule VII(B)(4), ch. 33, Rules for Home Day Care Providers. It reads:

B.     REPORTING REQUIREMENTS

The provider shall report to the Department information about the following circumstances, which may have occurred either in or outside the State of Maine, regarding themselves and other persons living or employed in the home, or any individuals who may have contact with the children in care:

\* \* \* \*

4

4.    Any investigation by Child Protective Services for allegations of child abuse or neglect;

The record, however, demonstrates that the Commissioner never found, as the petitioner asserts, that she failed "to report a *substantiated* finding of abuse against her or to report an investigation of her by Child Protective Services for allegations of abuse or neglect." (Emphasis supplied).  Petitioner's Brief, p. 5.  Instead, the record shows the following:

On her application for recertification of April 10, 2000, the petitioner checked "no" in response to the question, "Have you or has anyone employed by you or living in or frequenting your home . . . been involved in a child protective investigation . . .?" R. DHS 4, p. 2.

In his notification letter of December 5, 2000, Supervisor Steinberg found 16 violations in denying Hupper's application for recertification.  In the second of these, he found that on the April 10, 2000 application Hupper stated she had not been involved in a child protective investigation when, "[a]ccording to DHS records, Ms. Hupper had a substantiated finding of children (sic) abuse against her on February 23, 1993." R. H.O. 6, p. 2.

With respect to this allegation and finding, the H.O., in his "Fair Hearing Recommendation," concluded that the DHS records showed that Hupper did not have a finding of abuse against her.  Instead, he determined that the substantiated finding of abuse was against her ex-husband in 1994 who had not been in Hupper's home for a long time.  Indeed, according to the petitioner's brief and the record she there cites, she had been a protective parent who had cooperated with DHS when her child was abused by her ex-husband.  Petitioner's Brief, p. 8.  Although the H.O. made no reference to

5

this assertion, he also found that there had been three allegations of child abuse against Hupper herself, but that none of these had been substantiated and none had been investigated by Child Protective Services.

From this, the H.O. concluded that Hupper's answer on her April 10 application, which had denied having been involved in a child protective investigation, did not constitute a violation of the rules so that her answer on the application "must not be used against her in determining her suitability for certification as a home day care provider." R. D., p. 5.

In its exception to this finding, the department did not dispute the H.O.'s finding that Hupper had not been involved in a substantiated finding of abuse against her in 1993. Instead, the department argued to the Commissioner that Hupper had not answered the question on the April 10 application truthfully; that is, she had been asked whether she had been involved in a child protective investigation and had answered "no," when in fact she had been "involved" in such an investigation, apparently when her husband had been accused of abusing their child. Moreover, as the record shows, and the department pointed out to the Commissioner, Hupper herself had been investigated three times by the Institutional Abuse Unit (IAU) of DHS for incidents of alleged abuse of children at her home day care. Thus, according to the department, the erroneous answer on the application indicated a lack of veracity and supported its accusation that Hupper did not want DHS to have full information about her -- a circumstance that is contrary to DHS's need to determine if an applicant might present a threat to the health and safety of children in her care.

In an apparent response to the cited "exception" and the department's argument, the Commissioner declined to adopt the H.O.'s finding as to allegation #2, namely, that

6

although Hupper had not answered a question on her application truthfully, it "must not be used against her in determining her suitability for certification as a home day care provider." R.D., p. 5. Thus, a fair interpretation of the Commissioner's Final Decision as to this issue is not that he had rejected the H.O.'s finding that Hupper did not have a substantiated finding of abuse against her,[1] but rather that he differed with the H.O. as to the latter's finding that Hupper's erroneous answer on her application should not be used against her in evaluating her suitability to operate a home day care. This conclusion by the Commissioner does find support in the record and is not "clearly erroneous." *Imagineering v. Superintendent of Ins.*, 593 A.2d at 1053 (Me. 1991). Hupper's answer to the question on her application which asked about her involvement in a child protective investigation was incorrect. She had been involved as a parent of a child abused by her husband and she had three times been accused of abusing children in her care. While her role in the first matter was apparently an innocent one, and the latter accusations were determined to be unfounded, DHS, as the department argued in its exception, had a legitimate need for this information which the petitioner withheld. By the same token, it was not unreasonable for the Commissioner to decline to adopt the H.O.'s finding on this point and, apparently, consider this erroneous answer on the application as part of his rationale in rejecting her bid for recertification as a home day care provider. All this being so, this court cannot concur with the petitioner's assertion that the Commissioner erred in refusing to adopt the H.O.'s finding concerning her application as the record supports his conclusion on this issue. "The fact that the record

---

[1] As noted, *infra*, the department in its 'exception" never asserted that the petitioner had a substantiated finding of abuse against her. Thus, it appears that Supervisor Steinberg was incorrect in finding otherwise and the H.O. was correct in rejecting this aspect of Steinberg's notice to the petitioner which had denied her application.

contains inconsistent evidence or that inconsistent conclusions could be drawn from the record does not prevent the agency's findings from being sustained if there is substantial evidence to support them . . ." *Seven Islands land Co. v. Maine Land Use Regulation Commission,* 450 A.2d 475, 479 (Me. 1982). Such evidence exists here in the form of the application itself which the petitioner answered inaccurately on a question of consequence to the licensing authority. Accordingly, the court can find no error as a matter of law as to the Commissioner's decision to view this circumstance as adverse to the petitioner's application.

The petitioner also challenges the Commissioner's findings in the balance of his decision. There he concurred with the remaining factual findings of the H.O. which determined that the petitioner had committed 9 of the 16 infractions cited by Supervisor Steinberg in the latter's decision to deny recertification. The Commissioner differed with the H.O., however, as to the significance of these shortcomings, the latter recommending that only two of these violations should be given significant attention in issuing the petitioner a conditional certificate. Instead, the Commissioner decided that even though some violations were minor, there were sufficient bases for him to affirm the department's decision to deny recertification. In this regard, he apparently found it significant that the petitioner was out of compliance when she applied for her new certificate and when her home was inspected. More importantly, the Commissioner also determined that the multiple and serious violations found threatened the health and safety of the children in the petitioner's care, and "the inability, unwillingness or delay" in correcting or acknowledging violations warranted the denial of her recertification in the totality of these circumstances. R.E.

As the Commissioner correctly noted, this was a discretionary decision by his department. As such, it cannot be here disturbed even if this court were to have reached a different conclusion on this record. *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261. This is because this court is not "to second-guess the agency on matters falling within its realm of expertise." *Id.* Not only is the administration of a day care licensing plainly and exclusively the province of DHS, firm principles of separation of powers would prohibit this court from interfering with its discretionary decisions in this area. 22 M.R.S.A. § 8302-A; *NEOC v. Comm'r of Inland Fisheries and Wildlife*, 2000 ME 66, ¶¶ 9-11, 748 A.2d 1009, 1013. Thus, the review of this decision must be a deferential one which cannot be set aside unless the agency's conclusions are "unreasonable, unjust or unlawful in light of the record." *Imagineering*, 593 A.2d at 1053. This court cannot find that the petitioner has met her burden of persuasion in this regard as there is competent evidence in the record to support the conclusions of the Commissioner and his decision cannot be characterized as "unreasonable, unjust or unlawful," *id.*, or an abuse of his discretion.

Accordingly, it must be concluded that the Commissioner's Final Decision will not be overturned by this court.

## IV. Request for a Stay.

Because the decision of this court on the merits of the amended petition is adverse to the petitioner, the motion for a stay is to be denied. 5 M.R.S.A. § 11004.

## V.     Conclusion.

For the reasons stated herein, the entry will be:

The Amended Petition and Request for Stay are DENIED.

So ordered.


Dated: July __26__, 2002

John R. Atwood
Justice, Superior Court

10

| Date Filed | 8/31/01 | Knox | | Docket No. | AP-01-012 |
| | | County | | | |

Action _____ 80C Appeal _____

COLLEEN HUPPER

vs.

DEPARTMENT OF HUMAN RESOURCES,
KEVIN W. CONCANNON, COMMISSIONER

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Adrianne L. Fernstrom, Esq.<br>PO Box 248<br>Rockland ME 04841<br>594-8400 | Renee Guignard, Esq.<br>Assistant Attorney General<br>44 Oak St, Fourth Floor<br>Portland ME 04103<br>822-0495 |

| Date of Entry | |
|---|---|
| 9/4/01 | On 8/31/01, Petition for Judicial Review of Final Agency Action and Request for Stay; and Summary Sheet filed by Attorney Fernstrom. |
| 9/4/01 | Case File Notice mailed to Attorney Fernstrom. |
| 9/7/01 | On 9/6/01, Amended Petition for Judicial Review of Final Agency Action and Request for Stay filed by Attorney Fernstrom. |
| 9/25/01 | On 9/18/01, Respondent's Memorandum in Opposition to Colleen Hupper's Request for Stay filed by AAG Renee Guignard. |
| 9/30/01 | On 9/20/01, Adrianne L. Fernstrom, Esq. enters her appearance on behalf of the Plaintiff. |
| 9/30/01 | On 9/27/01, Certified Record filed by AAG Guignard. |
| 9/30/01 | Notice and Briefing Schedule mailed to Attorney Fernstrom and AAG Guignard. |
| 11/14/01 | On 11/7/01, Petitioner's Brief filed by Attorney Fernstrom. |
| 12/12/01 | Oral Argument on Appeal and hearing on Motion for Stay scheduled at 10:30 a.m. on 1/8/02.<br>Notice mailed to Attorneys Fernstrom and Guignard. |
| 12/12/01 | On 12/6/01, Respondent's Brief filed. |
| 12/18/01 | On 12/13/01, Petitioner's Reply to Respondent's Brief in Opposition to Petitioner's Petition for Judicial Review filed by Attorney Fernstrom. |
| 12/14/01 | Entire file out to Justice Atwoods Law Clerk. |
| 1/14/02 | On 1/8/02, Attorney Fernstrom and AAG Guignard present in Court.<br>Hon. John R. Atwood, presiding.<br>    Electronic Recording - Tape #124  Index Nos. 1867-3429<br>Hearing held on Oral Argument on Appeal and Request for Stay.<br>Taken Under Advisement.  Judge retains file. |