**MAINE BANKERS ASSOCIATION**

**v.**

**BUREAU OF BANKING.**

Supreme Judicial Court of Maine.

Argued Oct. 8, 1996.

Decided Nov. 4, 1996.

Mark L. Walker, Maine Bankers Association, Augusta, for Plaintiffs.

Craig H. Nelson (orally), Andrew B. Mac-Lean, American Bankers Association, Augusta, Amicus Curiae.

Andrew Ketterer, Attorney General, Linda Conti (orally), Assistant Attorney General, Augusta, Roderick R. Rovzar, Paul F. Driscoll (orally), Daniel L. Cummings, Norman, Hanson & DeTroy, Portland, for Defendants.

Gretchen L. Jones, Maine Credit Union League, Portland, Amici Curiae.

William J. Sheils, Perkins, Thompson, Hinckley & Keddy, Portland, for Credit Union National Assn.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

ROBERTS, Justice.

Maine Bankers Association appeals from a judgment of the Superior Court (Kennebec County, *Alexander, J.*) affirming a decision of the Superintendent of the Bureau of Banking that authorized Saco Valley Federal Credit Union to change its charter and to expand its membership. The Association argues that the Superintendent misconstrued the credit union field of membership statute and made findings based on insufficient evidence. We affirm the judgment.

In February 1994 Saco Valley applied to the Superintendent, pursuant to 9–B M.R.S.A. § 873 (1980), to convert from a federally chartered to a state-chartered credit union and to expand its field of membership from a limited industrial base to a community base. In August 1994 the Superintendent approved Saco Valley's application, granting to the credit union a field of membership comprised of people living or working in the six municipalities of Saco, Buxton, Dayton, Lyman, Hollis, and Waterboro. The Association sought direct judicial review in the Superior Court pursuant to 5 M.R.S.A. § 11001 (1989) and M.R.Civ.P. 80C. The court affirmed the Superintendent's decision and this appeal followed.

When the Superior Court acts as an intermediate appellate court in reviewing

an administrative action, we review the agency decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Department of Human Servs.,* 664 A.2d 369, 370 (Me.1995). When the dispute involves an agency's interpretation of a statute administered by it, the agency's interpretation, although not binding on the Court, is accorded great deference and will be upheld unless the statute plainly compels a contrary result. *Id.*

Pursuant to 9–B M.R.S.A. § 812(2)(D) (Supp.1994), Saco Valley's application was required to contain a proposed field of membership that conformed to the criteria set forth in 9–B M.R.S.A. § 814 (1980) that provided:

> **1. Field of Membership.** "Field of Membership" of a credit union means those persons having a common bond of occupation or association; residence within a well-defined neighborhood, community or rural district; employment by a common employer or by employers located within a well-defined industrial park or community; membership in a bona fide fraternal, religious, cooperative, labor, rural, educational or similar organization; and members of the immediate families of such persons.

*Id.,* amended by P.L. 1995, ch. 101, § 1.

 The criteria in section 814 are designed to insure a measure of commonality among the credit union members. The Association contends that the Superintendent erroneously permitted Saco Valley to combine two statutory fields of membership, i.e., people who work in a well-defined community as well as people who live there. We disagree. The Superintendent could conclude that the commonality between these two fields of membership within a single well-defined community is equal to the commonality within each separate field.

Although the Superintendent eliminated from Saco Valley's proposal the towns of Porter, Hiram, Parsonfield, and Cornish, the Association contends that he erred in finding that Saco, Buxton, Dayton, Lyman, Hollis,

and Waterboro comprised a "well-defined community" within the meaning of section 814. We disagree. A party seeking review of an agency's findings must prove they are unsupported by any competent evidence. *Bischoff v. Board of Trustees,* 661 A.2d 167, 170 (Me.1995) (citing *Nyer v. Maine Unemployment Ins. Comm'n,* 601 A.2d 626, 627 (Me.1992)). We will not overturn conclusions supported by competent and substantial evidence. *Id.* at 170 (citing *Gulick v. Board of Envtl. Protection,* 452 A.2d 1202, 1208 (Me. 1982)). Inconsistent evidence will not render an agency decision unsupported. *Id.* In this case, there is ample evidence in the record to support the Superintendent's findings.

The entry is:

Judgment affirmed.

All concurring.