STATE OF MAINE

KENNEBEC, ss.

REC'D & FILED
Nancy A. Desjardin

SEP 07 2000

Clerk of Courts
Kennebec County

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-09

JRA-KEN- 9/7/2000

SARAH M. PORTER,

      Appellant

   v.

STATE OF MAINE,
SECRETARY OF STATE,

      Appellee

DECISION AND ORDER

This matter is before the court on the appeal of Sarah M. Porter from the decision of a Secretary of State hearing officer which denied her petition to review a determination by the Secretary of State suspending her operator's license. The appellant's suspension was for operating a motor vehicle with any amount of alcohol in her blood as a juvenile operator. 29-A M.R.S.A. § 2472(3).

When the decision of an administrative agency is appealed to the Superior Court pursuant to M.R. Civ. P. 80C, the review is for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Servs.*, 664 A.2d 369, 370 (Me. 1995). The focus of this review is not whether the court would have reached a different conclusion than the agency, but whether the record contains competent and substantial evidence which supports the result reached by the agency. *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261. Moreover, the factual determinations made by the agency must be sustained unless shown to be clearly erroneous. *Imagineering v. Superintendent of*

1

*Ins.*, 593 A.2d 1050, 1053 (Me. 1991). Lastly, determinations as to the credibility of the witnesses are "exclusively the province of the [factfinder] and will not be disturbed on appeal." *Sprague Electric Co. v. Maine Unemployment Ins. Comm'n*, 544 A.2d 728, 732 (Me. 1988).

Pursuant to 29-A M.R.S.A. § 2472(5), the issues on appeal of the suspension of a juvenile's license in this context are whether:

A.    There was probable cause to believe that the person was under 21 years of age and operated a motor vehicle with any amount of alcohol in the blood;

B.    The person operated a motor vehicle with any amount of alcohol in the blood; and

C.    The person was under 21 years of age.

From the submissions of the parties, it is evident that the sole issue at the hearing below, and before this court, was the sufficiency of the evidence as to the appellant's operation of a motor vehicle, there appearing to be no question that she was under 21 and had alcohol in her blood on the occasion in question.

The hearing officer decided by a preponderance of the evidence that the appellant was, in fact, the operator of a motor vehicle on this occasion and therefore denied her petition. In reaching that conclusion, she found that the petitioner and her companion gave truthful accounts to Officer Moir of the Monmouth Police Department that the petitioner was the operator of the motor vehicle the officer found with them.

The hearing officer also found that this account was corroborated by the

officer's observations of physical evidence and other circumstances at the scene where the vehicle was found. These included the location of the petitioner's cigarettes in the driver's side door pocket, the location of the car keys near the passenger side of the vehicle where the petitioner was said to have thrown them, and the position of the driver's seat. She also concluded, and reasonably so, that these accounts, given to a law enforcement officer at the time of the incident, were more reliable than the exculpatory testimony elicited at the hearing from the petitioner and her friends which may have been affected by the severe license suspension sanction she was facing.

The appellant has cited a variety of reasons why the hearing officer should have discounted Officer Moir's testimony, including a later addition to his report and the argument that his observation as to the seat position had to be wrong as another officer, a large man, had moved the seat so that he could move the car. She also asserts that her account of the events in question is more logical and its rejection by the hearing officer was clearly erroneous while her acceptance of the officer's testimony demonstrates bias.

These arguments, distilled to their essence, are over the credibility of the witnesses. As noted, *infra,* credibility determinations are exclusively the province of the hearing officer and will not be disturbed on appeal. *Sprague Electric Co. v. Maine Unemployment Ins. Comm'n,* 544 A.2d at 732. Moreover, the fact that the evidence contained inconsistencies will not render an agency decision unsupported. *Maine Bankers Ass'n v. Bureau of Banking,* 684 A.2d 1304, 1306 (Me. 1996). That the

appellant can assemble cogent arguments to discredit her opponent's evidence and accept hers does not change the result. This is particularly true where, as here, the hearing officer cited reasonable explanations for her findings. That being so, this court cannot substitute its judgment for the hearing officer's even though the evidence could have yielded a different result. *Sprague Electric Co., id.* Therefore, the court must also conclude that the decision of the hearing officer was supported by competent and substantial evidence and accordingly must be sustained.

For all these reasons, the entry will be:

Appeal DENIED.

So ordered.

Dated: September___6___, 2000

John R. Atwood
Justice, Superior Court

4

Date Filed __2/9/00__ ___Kennebec___ Docket No. __AP00-09__
County

Action ___Petition for Review___
80C

# J. ATWOOD

Sarah Porter                          vs.   Secretary of State, Bureau of Motor Vehicle

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Sean M. Farris, Esq.<br>251 Water Street<br>P.O. Box 120<br>Gardiner, Maine 04345 | Joseph Wannemacher AAG<br>6 State House Sta<br>Augusta Me 04333 |

| Date of Entry | |
|---|---|
| 2/9/00 | Petition for Review, filed. s/Farris, Esq. |
| 3/1/00 | Letter entering appearance filed. s/Wannemacher AAG |
| 3/13/00 | Notice of briefing schedule mailed to attys of record. |
| 4/24/00 | Appellant's Brief, filed. s/Farris, Esq.<br>Certificate of Service, filed. s/Farris, Esq. |
| 6/21/00 | Brief of Respondent, filed. s/Wannemacher, AAG<br>State's Motion to Extend, Until the Date it is Received, the Time for Filing the State's Brief in the Above-Captioned Matter, filed.<br>s/Wannemacher, AAG |
| 7/7/00 | Hearing had on oral argument held on 6/29/00 with Hon. Justice John Atwood, presiding.<br>Sean Farris, Esq. for the Plaintiff and Joseph Wannemacher, AAG for the State.<br>Oral arguments made to the court.<br>Court to take matter under advisement. |
| 9/7/00 | DECISION AND ORDER, Atwood, J.<br>Appeal DENIED.<br>So Ordered.<br>Copies mailed to attys of record.<br>Notice of removal of record mailed. |

DONALD L. GARBRECHT
LAW LIBRARY

SEP 11 2000