STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           CIVIL ACTION
                                        DOCKET NO. AP-00-027
                                        JRA -KEN- 10/27/2000

THOMAS ALLEN,

            Petitioner

     v.                                 DECISION AND ORDER

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

            Respondent


This matter is before the court on plaintiff's M.R. Civ. P. 80C appeal from final

agency action. It has been briefed and argued and is in order for disposition.

I.    Facts and Procedural History

The record provided to the court demonstrates that the petitioner, Thomas

Allen, requested approval on three occasions from the Unemployment Insurance

Commission ("UIC") for a training program for a course of study to become a

computer support specialist. When approved, an applicant such as Mr. Allen may

then receive unemployment benefits and is excused from the requirement to

actively search for work and be available for work. 36 M.R.S.A. § 1192(2), (6). Mr.

Allen's first two applications were approved and he enrolled in the program he

desired at Mid-State College in Augusta in anticipation of a degree to be awarded in

the Fall of 2000.

When Mr. Allen's second application was approved, the UIC advised that

"[a]ny further applications for approved training will be closely scrutinized to ensure

that the unemployment compensation fund is not subsidizing the claimant's long-

term educational goals." (R. at 29). This second approval extended the petitioner's eligibility to receive unemployment benefits to December 28, 1999.

Thereafter, on January 13, 2000, the petitioner filed his third application so that he could continue his studies and receive unemployment benefits. The UIC denied this application, however, and advised in its decision on the application that this third request approached that which the statute and UIC rules prohibit, namely using the fund to subsidize an applicant's long-term educational goals.[1]

The UIC denied the petitioner's request for reconsideration of its final decision and he now turns to this court to remedy this alleged administrative misjudgment.

II. Discussion

In reviewing the decisions of an administrative agency, the Court should "not attempt to second-guess the agency on matters falling within its realm of expertise," and it is therefore necessary that the Court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991).

In his attempt to overcome this deferential standard, Mr. Allen first argues that the UIC decision wrongly stated that he had already received three approvals before the action in question. This assertion, while correct, does not advance any

---

[1] Chapter 24(3)(B) of the UIC rules provides that "[i]n order to ensure that regular full or part-time students whose primary goal is to obtain a degree shall not have their education subsidized by the Unemployment Compensation fund, the Commission shall carefully scrutinize any application for approval of training in degree-granting programs . . . ."

substantive argument which might compel the Court to find administrative error. While the introductory paragraph to the UIC's final decision did incorrectly state that Allen had been approved on three prior occasions, the analysis component of the decision correctly set forth the facts relating to the two prior approvals. As such, this minor factual error must be seen as harmless.

Mr. Allen next asserts that the UIC mistakenly concluded that he could work part time while attending classes, when his present position as a pool technician was only seasonal. The UIC correctly responds that Mr. Allen's decision to work as a pool technician during the summer months has no bearing on his availability to obtain employment during the remainder of the year. The Court is also persuaded upon review of Mr. Allen's academic schedule that the UIC reasonably concluded that Mr. Allen could have obtained, at the very least, part-time employment to support himself during the completion of his academic program at Mid-State College because his curriculum demanded that he be in class for a small portion of each day for four days a week.

The petitioner also argues that the UIC incorrectly found that he had been receiving benefits for a period of ten months, when he had only been receiving benefits for six months. Factual determinations of an agency must be sustained unless shown to be clearly erroneous. *Imagineering*, 593 A.2d at 1053 n.6 (noting that the Law Court recognizes no distinction between the clearly erroneous and substantial evidence in the record standards of review for factual determinations made by administrative agencies). "A party seeking review of an agency's findings

must prove they are unsupported by *any* competent evidence." *Maine Bankers Ass'n v. Bureau of Banking*, 684 A.2d 1304, 1306 (Me. 1996) (emphasis added). There is sufficient evidence from the record to support the UIC's determination that the length of time for which Allen was eligible for benefits was correct. Even if there was other evidence to the contrary, this alone would not be sufficient to find the UIC committed reversible error.

Next, Mr. Allen argues that the program in which he was enrolled would have increased his employability. The UIC obviously agreed with Mr. Allen by twice approving the training program and allowing him to collect benefits while attending class. While increased employability is an endorsed goal of the UIC, it is not the only criterion an applicant needs to satisfy for UIC approval of a training program. The UIC rejected Mr. Allen's third request for approval because it appeared that Mr. Allen was seeking a long term subsidization of his education, an endeavor expressly prohibited by UIC Rule 24 (3)(B).

Mr. Allen complains further that the UIC did not provide him with assistance in finding other programs for which he may be eligible. Even if the Court were persuaded that the UIC offered no help in finding other financial assistance, such a finding would be irrelevant as to the merits of this appeal. However, the record shows that the UIC did direct Mr. Allen to the Bureau of Employment Services in order to further assist him.

At oral argument the petitioner asserted that the UIC's decision was arbitrary because it terminated his eligibility when it knew that the program was to endure

for a total of eighteen months and that he was close to completing it. This argument fails for the same reason that Mr. Allen's argument that an eighteen-month program does not fall into the category of a long-term degree program, namely that the UIC is afforded, as are all governmental agencies, substantial deference in its interpretation and application of its own rules. *Imagineering, id.,* at 1053. The rule to which the UIC refers expressly authorizes the UIC to "carefully scrutinize" any application for approval of training in degree-granting programs. *See* UIC Rule 24 (3)(B). In so doing, this Court must assume, absent clear evidence to the contrary, that the UIC has exercised its own particular expertise to arrive at the conclusion it did. Indeed, far from an entitlement, UIC approval of educational programs is a discretionary function and the primary concern in approving educational programs is to have the claimant return to the work force expeditiously. This end is supported by the practical desire to have the claimant return to the status of a worker and a contributor to the unemployment insurance fund. Mr. Allen was put on fair notice that the UIC would carefully scrutinize any further claims submitted by him. Because UIC's careful scrutiny resulted in a denial of Mr. Allen's request, it does not follow that the decision was arbitrary. To the contrary, the UIC's decision was grounded on its own rules and overall charge that it ensure that the UIC fund exists primarily for the purpose for which it was designated rather than as a general educational fund. Here, there is no evidence that the UIC committed clear error, or acted arbitrarily, and as such, its decision shall be affirmed.

Therefore the entry will be:

Final agency action AFFIRMED.

Dated:    October 27, 2000

John R. Atwood
Justice, Superior Court

Date Filed  5/8/00  Kennebec  Docket No.  AP00-27
County

Action  Other Appeal

J. ATWOOD

DONALD L. GARBRECHT
LAW LIBRARY

NOV 14 2000

Thomas J. Allen                    vs.  Unemployment Insurance Commission

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Thomas J. Allen, Pro Se<br>RR1, Box 1317<br>South China, Maine 04348 | Pamela W Waite AAG<br>Elizabeth J Wyman AAG<br>6 State House Sta<br>Augusta Me  04333 |

| Date of Entry | |
|---|---|
| 5/12/00 | Petition for Review, filed. s/Allen, Pro Se |
| 5/19/00 | Letter entering appearance filed.  s/Waite AAG |
| 6/7/00 | Administrative record filed.  s/Waite AAG |
| 6/8/00 | Notice of briefing schedule mailed to Pltf. and atty. |
| 7/21/00 | Letter (Brief), filed. s/Allen, Pro Se.<br>Copy mailed to AG. |
| 8/22/00 | Brief of Respondent Maine Unemployment Insurance Commission, filed. s/Wyman Esq. |
| 10/6/00 | Hearing had on oral arguments with Justice John Atwood, presiding.  Tape #5 Index 2970-3918.<br>Thomas Allen, Pro Se Plaintiff and Elizabeth Wyman, AAG for the Defendant. Oral arguments made to the court.<br>Court to take matter under advisement. |
| 10/27/00 | DECISION AND ORDER, Atwood, J.<br>Final Agency action AFFIRMED.<br>Copies mailed to attys of record and Pro Se Pltf.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |