STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-04

JI/ -KEN .../ ...

MICHAEL W. BIDDLE,

Petitioner

v.

MAINE DEPARTMENT OF
HUMAN SERVICES,

Respondent

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MAY 30 2002

This is an appeal by the petitioner pursuant to M.R. Civ. P. 80C from the sequential decisions of DHS hearing officers which established his current and past child support obligations. More specifically, he claims that the hearing officers erred in their determinations, (1) that the petitioner had custody of his minor children an average of 33% of the time from March 26, 1999 to September 30, 1999, and 43% of the time from October 1, 1999 through April 18, 2000, (2) that the custodial parent's (Lisa Biddle) gross income was approximately $12,500 for the period of time between March, 1999, to April, 2000; and, (3) that the petitioner was not entitled to a $700 credit toward his past child support debt.

When a party appeals the decision of an administrative agency, the appellate court is to review that action for abuse of discretion, errors of law, or findings not supported by the record. *Centamore v. Department of Human Services*, 664 A.2d 369, 370 (Me. 1995). An agency's factual determinations are to be upheld unless shown to be clearly erroneous. *Centamore*, 664 A.2d at 371 (citing *Imagineering, Inc. v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991)). Moreover, it is the burden of the party seeking review of an agency's findings to prove that they are unsupported "by any competent

evidence." *Maine Bankers Ass'n v. Bureau of Banking*, 684 A.2d 1304, 1306 (Me. 1996). Because the petitioner contests only the factual determinations made by the agency, he must meet this heavy burden in order to succeed here. In the court's view, his contentions fall short of this standard of persuasion and the appeal must therefore be denied.

With respect to the petitioner's claim that he had custody of his children for a greater period of time than he had been credited for, the evidence produced at the hearings was inconsistent on this point and was contradicted by the mother of the children. So, even though the petitioner presented testimony and an exhibit to support his calculations, the hearing officer was not bound to accept these submissions as conclusive evidence as to this factual dispute. Moreover, the record gives reasonable support to the hearing officer's conclusions which may be based on his assessment of the credibility of the witnesses and the weight he wishes to assign to an exhibit or the testimony of a witness. Such factual determinations cannot be disturbed here.

As to the calculation of the income of the children's mother, the record again supports the hearing officer's findings of earned income of $12,500 per year. From the evidence and testimony adduced, he could reasonably find that she made less than $10,000 per year in 1997 and 1998, and would likely make little more than that in 1999 despite potential additional earnings from her daycare and cleaning enterprises. Moreover, as the respondent has argued in its brief, 19-A M.R.S.A. § 2001(5)(D) provides that, "a party that is personally providing primary care for a child under the age of 3 years is deemed not available for employment," absent evidence to the contrary. Thus, because Lisa Biddle was the primary caretaker of a child under 3 for a substantial part of the period of time in question, the petitioner's argument that she was

2

under-employed or not earning what she could have while running her daycare business is unpersuasive. All this being so, the court must conclude that the petitioner has failed to establish that the hearing officer's findings were "unsupported by any competent evidence." *Maine Bankers Ass'n v. Bureau of Banking*, 684 A.2d at 1306.

The petitioner's last contention that he was not given credit for the $700 he claimed to have paid for past child support also cannot succeed here because there is sufficient evidence in the record to support the hearing officer's finding that only $400 was substantiated via DHS records and those the petitioner presented. Accordingly, the court may not alter this finding as the petitioner has failed to satisfy the court that it was clearly erroneous or unsupported by competent evidence.

Because the record presented to the court provides no substantial contradiction to the facts found at the agency level, its decision must be affirmed.

Accordingly, the entry will be:

> Decisions of Hearing Officers dated May 23, 2000, and December 7, 2000, are AFFIRMED.

So ordered.

Dated: May 7, 2002

John R. Atwood
Justice, Superior Court

3

Date Filed __1/12/01__ ____Kennebec____ Docket No. __AP'01-04__
County

Action ____Petition for Review____

        80C

# J. ATWOOD

  Michael Biddle                VS.   State of Maine, Department of Human Service

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Michael Biddle, Pro Se<br>RR4, Box 7330<br>Gardiner, Maine 04345 | ~~Raymond Ritchie, AAG~~ JUSTICE TANGUAY AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 1/17/01 | Complaint, Charging Instrument- Initiating Document, filed. s/Biddle, Pro Se (filed 1/12/01) |
| 2/9/01 | Letter entering appearance, filed. s/Ritchie, AAG (filed 2/7/01) |
| 3/8/01 | Administrative Record, filed. s/Ritchie, AAG.<br>(filed in vault)<br>Notice of briefing schedule mailed to Pltf. and atty. |
| 4/10/01 | Motion to Modify, filed. s/Biddle, Pro Se |
| 4/12/01 | Request for Continuance, filed. s/Biddle, Pro Se   (filed 4/11/01)<br>Letter informing the court there is no objection to Motion, filed.<br>s/Biddle, Pro Se |
| 4/19/01 | REQUEST FOR CONTINUANCE, Atwood, J. (dated 4/16/01)<br>Motion granted. The plaintiff's brief is due on May 18, 2001.<br>Copies mailed to Pltf. and atty of record. |
| 4/26/01 | Respondent's Memorandum in Opposition to Motion to Supplement Record, filed. s/Ritchie, AAG. |
| 5/4/01 | Respondent's Memorandum in Opposition to Motion to Supplement Record, filed. s/Biddle, Pro Se  (filed 5/3/01) |
| 5/15/01 | Request for Additional Time for Filing of Brief, filed. s/Biddle, Esq.<br>(filed 5/14/01) |
| 5/25/01 | REQUEST FOR ADDITIONAL TIME FOR FILING OF BRIEF, Atwood, J.<br>Motion Granted. Brief due June 19, 2001<br>Copies mailed to Plaintiff and Atty. |
| 6/5/01 | Oral arguments had before the Court with Justice John Atwood, Presiding.<br>Michael Biddle, Pro Se and Raymond Ritchie, AAG for the State of Maine.<br>After arguments matter taken under advisement.<br>Michael Biddle to file Motion for Additional for Filing Brief<br>Electronic Recording Tape 566 Index  2572-3478 |