STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-18
DHM- KEN- 2/6/2004

ALISON M. LENTZ, M.D.,

     Petitioner

    v.

MAINE STATE BOARD OF
LICENSURE IN MEDICINE,

     Respondent

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MAR 19 2004

This matter is before the court on petition for review filed by petitioner seeking a review of a decision and order of the Maine State Board of Licensure in Medicine ("Board") dated February 21, 2003. The Board's decision and order granted Dr. Lentz's appeal of the Board's preliminary denial of her application for initial permanent licensure. The Board also voted to impose conditions on the license that required therapy, Board approval of the therapist, submission of a therapist's report and further consideration of the Board of the conditions at a future date:

1.    Dr. Lentz shall receive therapy at a minimum of once per month. The therapist shall be chosen by her but approved by the Board.

2.    The therapy shall center on providing insight into Dr. Lentz's emotional landscape and the manner in which that impacts on patient care and how patients may, in turn, respond to her.

3.    The therapist shall submit a report to the Board by February 11, 2004.

4.    Subsequently, the Board shall reconvene and decide whether to change her licensing status.

The procedural history is relevant to the law applied and facts considered by the Board. On November 2, 2000, Dr. Lentz submitted an application for a temporary license that was issued by the Board for a six-month period on December 11, 2000. On March 16, 2001, the petitioner filed her application for a permanent license. On June 13, 2001, the Board reviewed and ultimately dismissed a complaint that had been filed by a patient treated by the petitioner. The Board renewed her temporary license for a second six-month period. Before the permanent application process was completed, the Board received a second complaint against Dr. Lentz on September 24, 2001, from a different patient. The Board received Dr. Lentz's response to that complaint on October 31, 2001. This complaint was pending when Dr. Lentz's second temporary license period expired on December 10, 2001. Shortly thereafter, the medical director of the Aroostook Medical Center (TAMC) and Dr. Lentz asked the Board to further extend her license so that she would be able to provide coverage over the holidays. On December 12, 2001, the Board granted the requests which allowed her to continue medical practice until the Board final action on her permanent license for psychiatry.

Before the Board could resolve the second patient complaint, it received a third complaint against the petitioner in January of 2002. Dr. Lentz's response was received by the Board on February 11, 2002. As a result of the three complaints submitted during the temporary license period and certain disturbing interactions between the petitioner and staff of the respondent, the Board ordered an independent evaluation which was conducted by a board certified psychiatrist practicing in Bangor on March 6, 2002. The psychiatrist performed the evaluation and issued a report finding that Dr. Lentz had an adjustment disorder with depression anxiety as well as the possibility of major depression. She further opined that the petitioner displayed a number of behaviors consistent with a narcissistic personality. On March 12, 2002, the Board reviewed the

psychiatrist's report and preliminarily denied the petitioner's application for a permanent medical license. To this denial, Dr. Lentz appealed and a hearing was held on February 11, 2003.

At that hearing, testimony was taken from the petitioner, a staff member of the Board, the psychiatrist conducting the examination on behalf of the Board, a New York City psychiatrist who had conducted an evaluation of and for the petitioner, and nine witnesses of varying medical professions all testifying positively on behalf of the petitioner, one by deposition, one by letter and the others in person. The Board was made up of two internists, a physician, a surgeon, a psychiatrist, and a physician/attorney.

A member of the staff of the Board related as to his interaction with the petitioner during the period of the temporary licenses and the pending complaints. At one point, during a telephone conversation, Dr. Lentz told the staff member that she was "beyond devastated" and felt that she could no longer provide therapeutic treatment to her patients. She expressed concerns that everyone was out to get her and her voice was weepy and shaky. Dr. Austin, the Board's evaluator, also noted a strange attitude on the part of the petitioner at the time of the evaluation including some aberrant behavior. In petitioner's response to one of the complaints, as communicated to the Board in writing, she includes certain information regarding threatening behavior by patients toward their psychological and psychiatric providers, a somewhat paranoid response. This information was neither solicited by the Board nor particularly relevant to the dispute at hand.

In its decision of February 21, 2003, the Board issued its findings of fact noting the complaints received, when received, the specifics of the complaint and the dismissal of the complaint. It noted that it was necessary to resolve the allegations from the

complaints before it could award a permanent license. The Board noted the findings by its evaluating psychiatrist. The Board noted a second opinion obtained by the petitioner by the New York psychiatrist who testified before the Board and particularly noted that he concurred in the diagnosis of the acute adjustment disorder previously noted by the Board's psychiatrist but disagreed with all other aspects of conclusions and findings by its examining psychiatrist. The Board found as a fact that many individuals who practice with Dr. Lentz felt she was a caring and competent practitioner, that she dealt with the complainant in a soft and courteous manner and otherwise supported her competence and caring demeanor with patients. The Board concluded, as a matter of fact, that, "It appeared to the Board as though Dr. Lentz lacked insight into how she was perceived by some patients and there was a need to become more self-critical through a system of external observation."

The Board voted unanimously to dismiss the two complaints still pending at the time of the hearing but also voted, in one case, to issue a Letter of Guidance concerning deficient information in the medical records as to Dr. Lentz's notes. The Board then voted unanimously to grant petitioner's appeal of the Board's preliminary permanent license denial and to issue her a conditional license to practice medicine forthwith. In that regard, the court noted the provisions of 32 M.R.S.A. § 3282-A(2) which authorizes certain grounds for discipline and concluded that her diagnosis of an "Adjustment Disorder caused primarily by the stress of patient complaints regarding her practice" justified the condition. The Board further concluded that, "Dr.Lentz's behavior at her evaluation by Dr. Austin and Dr. Austin's comments coupled with Dr. Lentz's statements to the Board's executive director and deputy executive director leads to the conclusion that without therapy, her Adjustment Disorder may reappear and result in

harm to patient health/safety." The Board then, by vote of 5-1, imposed the conditions as indicated.

Procedurally, this case is somewhat unique because it involves the juxtaposition of an application for a license to practice medicine with a requirement by the licensing agency to consider complaints in conjunction therewith. As a result, the statutory authority of the Board is contained both in the qualifications for medical licensure provisions of Title 32 as well as the disciplinary sanctions within that title. However, since the complaints against the petitioner were dismissed by the Board, this court must examine first the agency's responsibility with respect to licensure.

Petitioner came to Maine having been licensed in both New York and the State of Illinois. Pursuant to statute, she was given a temporary license without meeting all other requirements of a duration of six months. This license was renewed and the second renewal was extended. All this was pending a determination by the Board upon her application for a permanent license. In accordance with 32 M.R.S.A. § 3271(5), the Board found it necessary to dispose of the three patient complaints because by law, "An applicant may not be licensed unless the board finds that the applicant is qualified and no cause exists, as set forth in section 3282-A, that may be considered grounds for disciplinary action against a licensed physician or surgeon." 32 M.R.S.A. § 3271(5).

Having received the complaints, the Board was required to consider the provisions of 32 M.R.S.A. § 3282-A and it did so. The Board noted 32 M.R.S.A. § 3282-A(2):

> . . . the following are grounds for an action to refuse to issue, modify, restrict, suspend, revoke or refuse to renew the license of an individual licensed under this chapter:
>
> A. . . .

B.    ...

C.    A professional diagnosis of a mental or physical condition that has resulted or may result in the licensee performing services in a manner that endangers the health or safety of patients;

By law, the court notes that the Board of Licensure in Medicine has been granted the power by the legislature to adopt and set standards of practice for physicians and surgeons practicing medicine in Maine. 32 M.R.S.A. § 3269(3).

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this Court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Board of Exam'r of Psychologists*, 2000 ME 206 ¶9, 762 A.2d 551, 555 (Me. 2000) (citing *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶6, 703 A.2d 1258, 1261 (Me. 1997)). In reviewing the decisions of an administrative agency, the Court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the Court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The focus on appeal is not whether the Court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. *CWCO, Inc. v. Superintendent of Ins.*, 703 A.2d 1258, 1261. "Inconsistent evidence will not render an agency decision unsupported." *Seider*, 762 A.2d 551 (citations omitted). The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence

supports the Board's decision. *Id.* Factual determinations must be sustained unless shown to be clearly erroneous. *Imagineering*, 593 A.2d at 1053 (noting that the Court recognizes no distinction between the clearly erroneous and substantial evidence in the record standards of review for factual determinations made by administrative agencies). "A party seeking review of an agency's findings must prove they are unsupported by *any* competent evidence." *Maine Bankers Ass'n v. Bureau*, 684 A.2d 1304, 1306 (Me. 1996) (emphasis added).

"When the dispute involves an agency's interpretation of a statute administered by it, the agency's interpretation, although not conclusive on the Court, is accorded great deference and will be upheld unless the statute plainly compels a contrary result." *Maine Bankers Ass'n*, 684 A.2d at 1306 (citing *Centamore v. Department of Human Services*, 664 A.2d 369, 370 (Me. 1995)).

Petitioner seeks to have this court reverse the decision and order of the Board placing four conditions on her permanent license to practice. She maintains that there was no competent evidence in the record to support the Board's conclusion that she suffers from a "mental or physical condition'" that resulted or may result in her practicing in a manner that endangers the health and safety of patients. Petitioner also maintains that there is no competent evidence in the record to support the Board's conclusion that her Adjustment Disorder may reappear and that she should receive ongoing therapy.

Petitioner admits, and respondent does not dispute, that Dr. Lentz suffered a type of post-traumatic stress reaction to being accused three times of non-professional conduct. Dr. Lentz sought and obtained an evaluation from Jonathan Koblenzer, M.D., the former Chief of Inpatient Psychiatry at Mt. Sinai medical Center in New York City who agreed that she suffered from an Adjustment Disorder and also diagnosed her as

"Depressed with an Anxious Mood" which he felt "could possibly evolve into a Major Depression." Dr. Austin and Dr. Koblenzer, and for that matter, Dr. Lentz are all trained at evaluation of mental illness and related disorders.

Respondent argues that there is substantial evidence in the record to support the Board's finding that petitioner had an adjustment disorder. This averment is not disputed by petitioner. Respondent also maintains that there is substantial evidence in the record to support the Board's finding that this adjustment disorder may result in future harm to patients. This contention is disputed by petitioner. Petitioner notes that their expert witness, Dr. Koblenzer testified that as of the date of the hearing petitioner was "normal" and no longer suffered from an adjustment disorder. Petitioner also notes that the Board's expert witness, Dr. Linda Austin, did not express an opinion about Dr. Lentz's future mental health prognosis.[1]

Respondent notes that in addition to the testimony on the two psychiatrists and the record, the Board had the opportunity to observe and evaluate petitioner as she testified. The Board, respondent argues was "free to accept either of the psychiatrists testimony or none of their testimony." Respondent cites a 1996 Law Court opinion in a tax abatement dispute. *Kittery Electric Light Company v. Assessors of Town of Kittery*, 219 A.2d 728 ((Me. 1966). In *Kittery* the law court, in speaking of the findings of a Superior Court Justice said "[t]he presiding Justice was not required to believe the testimony of any particular witness, expert or otherwise, but could accept such portions thereof as appeared to him to have the more convincing weight." *Kittery* 219 A.2d at 738.

Respondent's authority to base its decision on the evidence it finds most compelling is better supported by the Law Court's holding that "we will not overturn

---

[1] Dr. Austin was not asked by either party to express a long-range prognosis for petitioner. *See,* Transcript at 41 – 74.

conclusions supported by competent and substantial evidence. Inconsistent evidence will not render an agency decision unsupported." *Bishoff v. Bd. of Trustees*, 661 A.2d 167, 170 (Me. 1995).

While petitioner is correct that her expert, Dr. Koblezer found petitioner's psychological problems resolved and/or no threat to her future ability to treat patients, respondent's expert, Dr. Linda Austin has made no such finding. Her report that petitioner "may well have an Adjustment Disorder with depression and anxiety, if not major Depression" coupled with the Board's own interaction and observation of Dr. Lentz and the weight that they may assign to three complaints (albeit eventually dismissed) during her short practice in Maine are more than adequate to support the Board's conclusions.

In examining the transcript of the proceedings of the Board including its discussion prior to its vote, the court is struck by the particular professional qualifications of the Board members themselves. All members were educated in medicine and were actively participating in the profession. One member was a psychiatrist and one has a law degree as well as a medical degree. As this court examines the evidence and those items of disagreement between the two evaluating psychiatrists, it is reminded of Title 5 M.R.S.A. § 9058(3), part of the Administrative Procedures Act, which indicates that, ". . . agencies may utilize their experience, technical competence and specialized knowledge in the evaluation of the evidence presented them." While there was no evidence that the diagnosis by the evaluating psychiatrist existed at the time of the Board hearing and while the petitioner's evaluating psychiatrist opined that it was unlikely she would enter into the psychological state in the future, as indicated by its discussion, the Board members were particularly concerned that Dr. Lentz's response to the complaints by her patients

exceeded a reaction acceptable to the proper treatment of patients and, contrary to imposing a disciplinary impediment, wished to create an enforceable condition to assist her in the practice of psychiatric medicine. The court also notes that the conditions are temporary in that the Board obviously seeks to have them removed upon advice of an appropriate therapist.

The entry will be:

Decision and Order of the Maine State Board of Licensure in Medicine in re: Alison M. Lentz, M.D. dated February 21, 2003, is AFFIRMED.

Dated: February 6, 2004

Donald H. Marden
Justice, Superior Court

Date Filed __3/26/03_____ ____Kennebec_____ Docket No. ___AP03-18_____
                                    County

Action ___Petition for Review_____
                80C

# J. MARDEN

__Alison M. Lentz, M.D.__                          vs.  __Maine State Board of Licensure in Medicir__
Plaintiff's Attorney                                     Defendant's Attorney

  Roger J. Katz, Esq.                                      Ruth McNiff, AAG
  227 Water Street                                         6 State House Station
  P.O. Box 1051                                            Augusta, Maine  04333-0006
  Augusta, Maine  04332-1051

| Date of Entry | |
|---|---|
| 3/26/03 | Petition for Judicial Review of Final Agency Action Pursuant to 5 M.R.S.A 11001, et seq., filed. s/Katz, Esq. |
| 4/7/03 | Affidvit, filed. s/Katz, Esq. Original Summons with return service made upon State of Maine Board of Licensure in Medicine on 3/26/03 Original Summons with return service made upon Office of the Attorney General on 3/26/03. |
| 4/11/03 | Appearance and Statement of Position Pursuant to 5.M.R.S.A 11005, filed, s/McNiff, AAG |
| 5/5/03 | Motion for Extension of Time to File Record, filed. s/McNiff, AAG Proposed Order, filed. |
| 5/16/03 | Petitioner's Objection to Respondent's Motion for Extension of Time to File Record, filed. s/Katz, Esq. |
| 5/20/03 | ORDER, Studstrup, J. After reviewing petitioner's objection and noting the State's budget situation, the respondent's motion to extend the time for filing of the agency record is GRANTED.  The agency record shall be filed with this Court on or before July 7, 2003. Copies mailed to attys of record. |
| 7/7/03 | State's Exhibits 1-7, filed. Respondent's Exhibits 1-19, filed. Certified Transcript of Hearing, filed.    (RECORD) |
| 7/23/03 | Notice of briefing schedule mailed to attys of record. |
| 8/14/03 | Motion to Extend Time for Filing of Petitioner's Brief, filed. s/Katz, Esq. |
| 8/25/03 | ORDER, filed.  s/Marden, J.  (dated 8/21/03)    Motion Granted.  Petitioner's Brief is now due September 3, 2003.    Copies issued to counsel of record. |
| 9/3/03 | Petitioner's Brief, filed. s/Katz, Esq. |