

STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-24

KEN DHM-4/28/06

EUGENE L. PUTNAM,

　　　　Petitioner

　　v.

MAINE BOARD OF LICENSURE
FOR FORESTERS,

　　　　Respondent

DECISION AND ORDER

This matter is before the court on Eugene L. Putnam's petitions for review of final agency action regarding the one-year suspension of his forestry license pursuant to M.R. Civ. P. 80C.

This complaint stems from work petitioner was supposed to do for Elizabeth Wemett ("Wemett" or "client") in 2003. Wemett had inherited property in Prospect, Maine in 1996, and first contacted petitioner at that time to assist in an appraisal. She next contacted petitioner in September 2003, after property taxes were raised significantly. As an absentee owner (Wemett lived in Pennsylvania), Wemett was looking for ways to lower her tax burden. She met with Putnam to walk the property, and over lunch they discussed putting the property into the tree growth property tax program as a way of reducing the tax burden. Putnam suggested that the costs of preparing the necessary plans could be offset by income that could be generated by logging on the property. Petitioner stated that his rate was $50/hour and the cost for his services would be approximately $2,500.

By November 2003 it was decided to put the entire property into the tree growth plan, and petitioner contracted with Shane Leighton ("Leighton" or "logger"), a logger,

to do the work. Wemett had no direct contact with Leighton. Leighton had little prior experience, and petitioner conducted no due diligence to determine if Leighton was qualified or reputable. In addition, petitioner failed to ascertain whether Leighton had the requisite worker's compensation insurance coverage. The logging operation commenced in November, prior to Putnam having properly filed the appropriate notification with the Maine Forest Service ("MFS"). By early January 2004, logging operations had ceased, not because of winter conditions, as Wemett supposed, but because Leighton walked off the job without finishing it, and without paying Wemett $2,000 generated by the logging operation. Wemett did not learn of the cessation of operations until late February 2004, when she received a letter from petitioner so informing her. The two met at the property on March 1, at which point Wemett felt that the property had been destroyed by the logging operation. She informed Putnam he was to stay off her property, and she contacted an attorney and an MFS forest ranger. Based on a conversation with her, the MFS ranger's supervisor filed a complaint against Putnam with the Board of Licensure for Foresters ("Forestry Board").

As of March 1, Wemett had received logging income from Leighton in the amount of $2,453.27, and a bill from Putnam for $2,622.20. Putnam's bill related to the logging operation, and he had yet to produce a tree management plan. When Wemett's attorney asked Putnam to provide him with the "scale slips" (an indication of the amount of wood removed from the property and brought to a mill), petitioner said he would do so only in exchange for more money. Putnam subsequently sued Wemett in small claims court for his outstanding bill, which totaled $2,834.90 by the end of 2004. District Court Judge Anderson awarded petitioner about half that amount on the theory of *quantum meruit*, saying that there was no valid contract between the parties as there was no meeting of the minds.

The Forestry Board held an administrative hearing on the Wemett matter on February 9, 2005 and found seven violations of its rules and code of ethics. As sanctions, Putnam's forestry license was suspended for one year, and he was required to retake and pass the forestry license exam prior to reinstatement. He was placed on probation for five years, and ordered to pay the cost of the administrative hearing, $1,950. The 80C petition was filed with the Superior Court on April 13, 2005, as directed by the Forestry Board's decision and order, dated March 23, 2005. The Forestry Board filed the agency record on May 11, 2005.

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this Court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Board of Exam'r of Psychologists*, 2000 ME 206 ¶ 9, 762 A.2d 551, 555 (Me. 2000) (citing *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261 (Me. 1997)). In reviewing the decisions of an administrative agency, the Court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the Court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The focus on appeal is not whether the Court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. *CWCO, Inc.*, 1997 ME 226, 703 A.2d 1258, 1261. "Inconsistent evidence will not render an agency decision unsupported." *Seider*, 762 A.2d 551 (citations omitted). The burden of proof rests with the party seeking to

overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. *Id.* "[Petitioner] must prove that no competent evidence supports the Board's decision and that the record compels a contrary conclusion." *Bischoff v. Board of Trustees,* 661 A.2d 167, 170 (Me. 1995).

Factual determinations must be sustained unless shown to be clearly erroneous. *Imagineering,* 593 A.2d at 1053 (noting that the Court recognizes no distinction between the clearly erroneous and substantial evidence in the record standards of review for factual determinations made by administrative agencies). "A party seeking review of an agency's findings must prove they are unsupported by *any* competent evidence." *Maine Bankers Ass'n v. Bureau,* 684 A.2d 1304, 1306 (Me. 1996) (emphasis added).

The petitioner includes a spate of exhibits with his 80C petition, many of which (13 out of 20 submitted) are not part of the official administrative record filed by the Forestry Board, and as such are not appropriately reviewable by this court. Petitioner's complaint alludes to a variety of inadmissible exhibits that purport to document his difficult relationship with the MFS. Additionally, Putnam claims that Wemett supposedly accused him of threatening "to burn her woods, and the old building on her land if, a) He didn't get his way on getting paid for services, and, b) On collecting on the $2,000 owed through small claims court," though nothing in the Forestry Board's decision involved disciplining petitioner regarding such an allegation. Petitioner nonetheless asserts that a "witch hunt" has been orchestrated against him by the MFS and the Attorney General's office under cover of Wemett's arson charge.

The complaint consists of ten arguments: 1) "illegal searches, random seizure for investigation, and the like" were conducted as part of the "witch hunt"; 2) a biased hearing officer would not allow petitioner to read a document into evidence at the hearing, which clarified the rule regarding when an offer must be put into writing; 3)

petitioner is not a danger to the public; 4) as only one expert testified against petitioner, that testimony should not be construed as a "preponderance of the evidence"; 5) there were discrepancies about whether the offer to the client had to be put in writing; 6) petitioner had 15 days to complete the Harvest Notification Form (which covers when logging was to commence); 7) the contract between the logger and petitioner, even if improperly drawn so as not to shield the landowner from liability, should not be an issue since no injury occurred; 8) the cost of the administrative hearing was unreasonable; 9) there was a lack of consideration of testimony that was supportive of petitioner; and 10) the hearing lasted too long and cost too much.

In response, the Forestry Board argues that its decision was supported by substantial evidence, which included: testimony from Wemett that Putnam did not offer or provide a written statement regarding the scope of the work to be done; Putnam's failure to complete the Forest Operation Notification form; Putnam's failure to investigate the reliability of the logger and to properly shield Wemett from liability (by ensuring that the logger was covered by worker's compensation insurance); and Putnam's failure to timely investigate the delay in the logger's paying for the wood he removed from the property.

Petitioner submitted a reply, in which he disputes most of the facts and record as presented to the court by the Forestry Board.

The court relies on the deference accorded agency action and upholds the Forestry Board's decision. This court is satisfied that the record contains competent and substantial evidence that supports the result reached by the agency. Petitioner demonstrates an understanding of the deference, when he states, "So therefore the Petitioner, who has the burden of proof (*Bishoff* again), does not have any way to get the judge to change this (he must either struggle fruitlessly with the burden or acquiesce)."

Putnam goes on to say that even if the Forestry Board's decision is to be upheld, he feels his punishment to be unjust.

The entry will be:

The decision and order of the Maine Sate Board of Licensure for Professional Foresters in re: Eugene L. Putnam dated March 23, 2005, is AFFIRMED.

Dated: April **2P**, 2006

Donald H. Marden
Justice, Superior Court

Date Filed __4/13/04__ __Kennebec__ Docket No. __AP05-24__

County

Action ___Petition for Review___

80C

# J. MARDEN

__Eugene L. Putnam__ vs. __Maine Board of Licensure__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Eugene L. Putnam, Pro Se<br>PO Box 13<br>Hampden, ME. 04444-0013 | Robert C. Perkin, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 4/13/05 | Petition for Review, filed. s/Putnam, Pro Se |
| 4/19/05 | Entry of Appearance and Position of Agency, filed. s/Perkins, AAG |
| 5/11/05 | **Agency Record, filed. s/Perkins, AAG. (in vault)** |
| ------ | Notice of briefing schedule mailed to Pltf. and atty of record. |
| 6/9/05 | Petitioner's Brief with exhibits, filed. s/E. L. Putnam, Pro se |
| 7/7/05 | Respondent's brief in opposition to appeal, filed. s/Perkins, AAG |
| 7/22/05 | Petitioner's Reply Brief, filed. s/Putnam. |
| 11/7/05 | Letter from attorney Perkins indicating that Pltf. has contacted him regarding waiving oral argument. Both parties agree that case can be decided on the memos and record. |
| 11/9/05 | Motion to Waive Oral Argument, filed. s/Putnam. |
| 11/22/05 | No hearing held, case to be decided on memos. Case taken under advisement. |
| 1/19/06 | Copy of Maine Law Court Memorandum of Decision, filed. s/Smith, AAG. |
| 5/1/06 | DECISION AND ORDER, Marden, J.<br>The decision and order of the Maine State Board of Licensure for Profession Foresters in re: Eugene Putnam dated March 23, 2005, is AFFIRMED.<br>Copies mailed to atty and Pltf.<br><br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss.<br><br>Notice of removal of record mailed. |