STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-07-31
UMJ-KEN - 4/8/2008

CALISTA CAMPBELL

Petitioner

v.

DECISION AND ORDER

MAINE STATE RETIREMENT
SYSTEM,

Respondent

This case is in front of the court on petitioner's M.R. Civ P. 80C petition for judicial review of the final agency action of the Maine State Retirement System (the Board).

## Facts

The petition for judicial review is a result of petitioner being denied her claim for disability retirement benefits by the Board. The Board's determination was based on its opinion that her back injury did not make it permanently impossible for her to perform her duties of employment, as of her last day of service.[1] The facts are as recited in the final appeal to the Board. (R. at 19.1-19.3.)

Petitioner worked as a police officer for the City of Biddeford, a requirement of that position is that officers wear a duty belt weighing approximately 20 pounds. Petitioner was injured on March 9, 2004 after falling down some stairs. In April 2004

---

[1] Under 5 M.R.S.A. § 17921(1) "Disabled" means that the member is mentally or physically incapacitated under the following conditions:
A. The incapacity is expected to be permanent;
B. That it is impossible to perform the duties of the member's employment position...
5 M.R.S.A. § 17921(2) "Employment Position" means:
A. The position in which the member is employed at the time the member becomes incapacitated; or
B. A position of comparable stature and equal or greater compensation and benefits which is made available to the member by the member's employer.

she underwent laparoscopic surgery. Petitioner returned to work doing light duty, but left when that work became unavailable on June 30, 2005.

After her injury, petitioner began treatment for her lower back pain with Dr. Paul Upham. In May of 2004, Dr. Upham referred petitioner for osteopathic manipulative therapy in May. He reported that she benefited from the treatment until she had a "flare of pain when she tried to wear her duty belt as I was attempting to progress her back to her regular job."

Dr. Upham then referred petitioner to Dr. Glass and subsequently Dr. Pier for injection treatment. Dr. Glass treated petitioner from August 2004-November 2004. Toward the end of that period, Dr. Glass described Campbell's problems as chronic poor posture and deconditioning and that she was only a marginal participant in rehabilitation and was recalcitrant to reassurance and committed to disability. Dr. Glass explained that attempts to return petitioner to full duty were "confounded by her unwillingness to pursue full duty work." Dr. Glass further stated at the time of her discharge, "all findings regarding her work-related injury had completely resolved."

Petitioner believed she still exhibited symptoms and in January 2005 she saw Dr. Pier for lidocaine injection of sacroiliac and lower lumbar joints, followed by a diagnostic lower lumbar medial branch block in early February 2005.

Dr. Upham noted that many treatments were tried with limited success and suggested that petitioner should see a counselor to determine if there was a psychiatric component to the pain. Petitioner was resistant but did have a visit to a counselor. In August 2005, Dr. Upham told petitioner that she had had all possible medical treatments and strongly encouraged that she seek psychiatric assistance. Petitioner did not seek such care because, as she stated, workers compensation insurance did not cover it. Upham continued a restriction of only three hours a day wearing the duty belt,

however did not rule out that her continued complaints were a result of secondary gain.[2]

In November 2005, petitioner was referred to a Dr. Jorgenson for prolotherapy, a form of muscle injection treatment. Jorgenson diagnosed an injury to the attachment points of ligaments and tendons to bones. He described his treatment as "a permanent repair," and noted good response to the first of three injection treatments. He said in April 2006 that petitioner should be able to wear her duty belt after the course of prolotherapy and associated core strengthening were complete estimated based on projected healing times to be in late 2006. At the time of petitioner's fourth set of injections in August 2006, petitioner reported to Jorgenson no overall improvement.

The Medical Board made two evaluations of petitioner's case. On December 15, 2005 it stated that there was insufficient objective medical evidence to ascribe functional limitations and on July 20, 2006 it noted that Jorgensen made no recommendations regarding work limitations and petitioner war responding favorably to treatment.

## Discussion:

Factual determinations must be sustained unless shown to be clearly erroneous. *Imagineering v. Superintendent of Insurance*, 593 A.2d 1050, 1053 (Me. 1991) (noting that the Court recognizes no distinction between the clearly erroneous and substantial evidence in the record standards of review for factual determinations made by administrative agencies). "A party seeking review of an agency's findings must prove they are unsupported by *any* competent evidence." *Maine Bankers Ass'n v. Bureau of Banking*, 684 A.2d 1304, 1306 (Me. 1996) (emphasis added).

---

[2] "a benefit (as sympathetic attention) associated with mental illness." *See* http://medical.merriam-webster.com/medical/secondary+gain

Petitioner's argument is solely predicated on the failure of the Board to evaluate medical evidence contrary to Dr. Glass's expert opinion. That means that in order to prevail she must demonstrate that there isn't *any* competent evidence to support the agency's finding. *Id.* Petitioner points out the existence of what it calls "the crushing weight of medical evidence contrary" to the opinion of Dr. Glass and the decision of the Board. Particularly it points to: Dr. Upham's diagnosis on the date of the injury (R. at 1.270.); Dr. Pier's initial evaluation (R. at 1.358.); Dr. Haigney's initial report (R. at 7.6.); the evaluation of a physical report (R. at 1.319.).

The court finds that the evidence in the record, despite evidence to the contrary, comprises competent evidence to support the agency's finding that as of her last day of service it was not impossible for petitioner to perform the duties of her employment position. "Inconsistent evidence will not render an agency decision unsupported." *Seider v. Board of Examiners of Physcologists*, 2000 ME 206, ¶ 9, 762 A.2d 551, 555 (citation omitted).

The entry is

> The petition is DENIED and the decision of the Maine State Retirement System is AFFIRMED.

April _2/_ 2008

Justice Joseph Jabar

Date Filed __4/6/07__ _____Kennebec_____ Docket No. __AP07-31__
County

Action _____Petition for Review_____
80C

# J. Mills

_____Calista Campbell_____ VS. _____Maine State Retirement Systems_____

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ~~Calista Campbell Pro Se~~ ~~P.O. Box 4~~ ~~Wayne, Maine 04284~~ Benjamin DeTroy, Esq. Sharon, Leary & DeTroy PO Box 3130 Auburn, ME 04212-3130 | James M. Bowie, AAG 6 State House Station Augusta, ME 04333-0006 Christopher L. Mann, AAG |

| Date of Entry | |
|---|---|
| 4/6/07 | Petition for Review, filed. s/Campbell, Pro Se |
| 4/13/07 | Letter entering appearance, filed. s/Bowie, AAG |
| 5/4/07 | Certified Copy of Administrative Record from the Maine State Retirement System, filed. s/Larochelle, Appeals Clerk (IN VAULT) |
| ------ | MSRS Rules, filed. |
| 5/7/07 | Notice of briefing schedule mailed to Pltf. and atty of record. |
| 6/14/07 | Petitioner's Brief, filed. s/DeTroy, Esq. Motion To Supplement The Record On Rule 80C Appeal, filed. s/DeTroy, Esq. |
| 7/3/07 | Respondent's Memorandum In Opposition To Petitioner's Motion To Supplement The Record, filed 7/2/07. s/Bowie, AAG Proposed Order, filed. Notice of setting for __8/7/07__ sent to attorneys of record. |
| 7/16/07 | Respondent's Memorandum of Law in Opposition to the Petition for Review, filed. s/Bowie, AAG |
| 8/30/07 | 8/29/07:ORDER:and the entry shall be: 1. Petitioner's motion to supplment the record is DENIED. 2. Petitioner's proffered evidence will be excluded from consideration in the course of this appeal. s/Studstrup |
| 8/30/07 | Copies mailed to parties Notice of setting for __4/8/08__ sent to attorneys of record. |
| 4/8/08 | Hearing held with the Hon. Justice Joseph Jabar. Benjamin DeTroy, Esq. for the Petitioner. Christopher Mann, AAG for the Respondent. Court to take matter under advisement. |