STATE OF MAINE

SOMERSET, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-07-110

JOAN K. STEELE,

    Petitioner

    v.

**DECISION AND ORDER**

MAINE STATE RETIREMENT
SYSTEM,

    Respondent



This case is in front of the court on respondent's M.R. Civ. P. 59(e) motion for

reconsideration of the Court's decision reversing final agency action based on

petitioner's M.R. Civ. P. 80C petition for judicial review.

**Factual & Procedural Background:**

The court reversed the determination by the respondent that petitioner no longer

qualified for disability benefits. Respondent's refusal to continue benefits was based on

its opinion that petitioner could not prove that she was "unable to engage in any

substantially gainful activity that is consistent with [her] training, education or

experience..." The court accepted memoranda of law on the matter and held a hearing.

**Standard of Review:**

When the decision of an administrative agency is appealed pursuant to M.R.

Civ.P. 80C, this Court reviews the agency's decision directly for abuse of discretion,

errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human

Services,* 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if,

on the basis of the entire record before it, the agency could have fairly and reasonably

found the facts as it did." *Seider v. Board of Exam'r of Psychologists*, 2000 ME 206 ¶9, 762 A.2d 551, 555 (Me. 2000) (citing *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶6, 703 A.2d 1258, 1261 (Me. 1997)). In reviewing the decisions of an administrative agency, the Court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the Court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The focus on appeal is not whether the Court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. *CWCO, Inc.*, 1997 ME 226, 703 A.2d 1258, 1261. "Inconsistent evidence will not render an agency decision unsupported." *Seider*, 762 A.2d 551 (citations omitted). The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. *Id.* "[Petitioner] must prove that no competent evidence supports the Board's decision and that the record compels a contrary conclusion." *Bischoff v. Board of Trustees*, 661 A.2d 167, 170 (Me. 1995).

Factual determinations must be sustained unless shown to be clearly erroneous. *Imagineering*, 593 A.2d at 1053 (noting that the Court recognizes no distinction between the clearly erroneous and substantial evidence in the record standards of review for factual determinations made by administrative agencies). "A party seeking review of an agency's findings must prove they are unsupported by *any* competent evidence." *Maine Bankers Ass'n v. Bureau*, 684 A.2d 1304, 1306 (Me. 1996) (emphasis added).

**Discussion:**

The crux of respondent's argument is that the court erred in its assertion that there was not sufficient evidence in the record for the court to conclude that petitioner proved that she was "unable to engage in any substantially gainful activity that is consistent with [her] training, education or experience..." *See* 5 M.R.S.A. § 17929(2)(B)(1). MSRS Rules, chapter 507 requires that the inability to engage in gainful activity be based on the disability. Important in the respondent's conclusion was that the medical evidence didn't sufficiently distinguish particular symptoms of petitioner's numerous medical problems and her depression. The court relied greatly on the evidence of Dr. Coyne's opinion that petitioner had been disabled due to depression from 1992, and continues to be disabled due to depression. Respondent agrees that Coyne's letter indicates what this court concludes it does, however believes that the court places too large an emphasis on it in relation to other evidence that respondent correctly relied upon. Perhaps, respondent argues, the court is looking at the standard as it would have been in 1992, which is an evaluation based on whether it was impossible to perform the duties of her employment at the time (as an enforcement agent at DHS) per 5 M.R.S.A. § 17921(1)(B).

The basis for the decision is perhaps best articulated in respondent's hearing officer's response to comments of the petitioner attempting to modify the hearing officer's report:

> [T]his Hearing Officer is willing to assume that the chronic major depression about which Dr. Coyne speaks is essentially the same as or similar to the condition of agitated depression for which Appellant originally obtained disability retirement benefits. However, as stated in the Report, Dr. Coyne's letter failed to supply sufficient detail to support a determination that it was more likely than not that Appellant's depression rendered her unable to engage in any substantially gainful activity. A psychiatric opinion can be sufficient to support such a finding if there is evidence that the opinion is based upon a

thorough and partially objective examination, if it contains sufficient details to convey the bases for any conclusions and if there is a determination that the symptoms about which the patient complains are more than likely caused by the mental illness in question and not by any of the other conditions from which the patient suffers...

...the issue before the Board of Trustees today is different from the issues decided in 1992. In 1992, the issue was whether Appellant's depression made it impossible for her to perform the duties of the job she held at the time. Today the issue is whether Appellant is unable to engage in any substantially gainful activity as defined in the statute. This Hearing Officer is not in a position to guess how or why the original determination was made. This Hearing Officer must simply examine the evidence presented by Appellant in the current appeal with regard to the currently pending issue.

(R. 25.1-25.2.)

This court's review however is based on the final agency action, which is the affirmation of the decision of the Executive Director by the MSRS Board of Trustees.

The only medical evidence concerning Appellant's continuing depression is the recent correspondence from Dr. Coyne. That correspondence fails to describe what kind of evaluation Dr. Coyne performed and fails to delineate sufficient symptoms to support an ongoing diagnosis. Accordingly, there is insufficient evidence to evaluate the validity of Dr. Coyne's ultimate conclusion.

Even if the existence of depression were clearly established, Dr. Coyne's letters fail to establish a causal relationship between Appellant's stated symptoms of depression, i.e., feelings of hopelessness and lethargy and being overwhelmed, with the inability to engage in SGA [substantially gainful activity]. Dr. Coyne simply states, "[Appellant] feels that her overwhelm [sic] and inability to take care of herself are symptoms of depression." Appellant suffers from other conditions that could conceivably cause fatigue and lethargy, possibly feelings of hopelessness and being overwhelmed, so it is impossible to say that her incapacity results from the condition for which she was granted disability retirement benefits.

Appellant's failure to seek treatment for her psychological issues until an MSRS review undercuts the severity of her depression. She explains the lack of treatment, in part, by asserting that her feelings of hopelessness and lethargy keep her from pursuing treatment and generally caring for her health. This assertion is not consistent with other evidence of record. Appellant regularly sought treatment from Dr. Miller for a variety of problems. Medical records suggest that often Appellant's failure to pursue recommended treatment was not due to hopelessness but was rather a deliberate refusal. Dr. Coyne noted that Appellant "admits to not caring about her health or her weight" but characterizes her otherwise as "alert and cooperative." It is difficult to reconcile Appellant's curiosity about former classmates, her enjoyment of reading and her decision to acquire rental property with her assertion that feelings of hopelessness prevent her from taking steps to secure appropriate care for heself...